IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:10-CV-66-D

BERNARD J. ROLFES, III,                    )
and JILL E. ROLFES,                        )
                                           )
                    Plaintiffs,            )
                                           )
        v.                                 )        **ORDER**
                                           )
DECISION ONE MORTGAGE COMPANY, )
and HSBC MORTGAGE SERVICES, INC.,  )
                                           )
                    Defendants.            )

On December 22, 2010, Bernard J. Rolfes, III and Jill E. Rolfes ("plaintiffs") filed suit

against Decision One Mortgage Company and HSBC Mortgage Services, Inc. ("defendants"),

concerning a mortgage loan that closed on October 27, 2006. Plaintiffs seek relief under federal law

and North Carolina law, ask the court to quiet title, and request actual damages of $1,799,688.65 and

punitive damages of $5,399,065.95. In response, defendants filed a motion to dismiss [D.E. 15]

under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be

granted.

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure

to state a claim upon which relief can be granted, a court must determine whether the complaint is

legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937,

1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of

Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.

2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v.

Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50.

As for plaintiffs' claims under the Truth in Lending Act (15 U.S.C. § 1601 et seq.), the Home Ownership and Equity Protection Act of 1994 (15 U.S.C. § 1639), and Regulation Z (12 C.F.R. § 226.1 et seq.), the claims fail because the loan is not a "high cost" loan as defined in 12 C.F.R. § 226.32, and because the statute of limitations bars the claims. See, e.g., 15 U.S.C. §§ 1635(f), 1639(a), 1640(e); Tucker v. Beneficial Mortg. Co., 437 F. Supp. 2d 584, 589 (E.D. Va. 2006). Likewise, plaintiffs' claims under the Real Estate Settlement Procedures Act are time-barred. See 12 U.S.C. § 2614; Zaremski v. Keystone Title Assocs., 884 F.2d 1391, 1989 WL 100656, at *1 (4th Cir. 1989) (per curiam) (unpublished table decision); Mullinax v. Radian Guar. Inc., 199 F. Supp. 2d 311, 323–26 (M.D.N.C. 2002). Furthermore, on the facts set forth in the complaint, equitable tolling cannot rescue plaintiffs. See, e.g., Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002); Zaremski, 1989 WL 100656, at *1; Mullinax, 199 F. Supp. 2d at 326–32. Similarly, plaintiffs' state law claims of breach of fiduciary duty, negligence, intentional infliction of emotional distress, breach of implied covenant of good faith and fair dealing, fraud, and unfair and deceptive trade practices are barred by the applicable three-year or four-year statute of limitations. See N.C. Gen. Stat. §§ 1-52, 75-16.2. Alternatively, the state-law claims are not plausible under Iqbal and Twombly. See, e.g., Coleman, 626 F.3d. at 190.

Finally, this court abstains from quieting title to the real property at issue. An action to quiet title to the subject property is currently pending in Currituck County Superior Court, and plaintiffs must seek the requested relief in that court. See, e.g., Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Younger v. Harris, 401 U.S. 37, 44 (1971); Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 165–67 (4th Cir. 2008); Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006).

Accordingly, the court GRANTS defendants' motion to dismiss the complaint [D.E. 15]. In light of the decision to abstain concerning plaintiffs' request to quiet title and plaintiffs' request for damages, the court stays the action. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 731 (1996); Traverso v. Penn, 874 F.2d 209, 213 (4th Cir. 1989). Defendants shall file a status update on the action to quiet title on June 30, 2011, September 30, 2011, and December 30, 2011.

SO ORDERED. This **27** day of May 2011.

JAMES C. DEVER III
United States District Judge

3